Richard L. **DANKERT**, Plaintiff,

v.

**CLERK, SUPERIOR COURT, COBB COUNTY and Cobb County Superior Court, Defendants.**

Civ. A. No. C79-954A.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 23, 1980.

Richard L. Dankert, pro se.

A. Harris Adams, Sams, Glover, Gentry & Adams, Marietta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

By order filed March 28, 1980, this Court dismissed Dankert's civil rights action as moot. It was deemed moot because all the relief which Dankert sought had been granted him through the voluntary compliance of the defendant. Dankert comes now with his Notice of Appeal from this Order to the Fifth Circuit, and his motion for leave to proceed *in forma pauperis.*

■ "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a). In this context, "good faith" is judged by an objective standard. "We consider a defendant's good faith in this type of case demonstrated when he seeks appellate review of any issue not frivolous." *Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21 (1962). It follows that when a petitioner seeks leave to appeal on issues all of which are frivolous, the appeal is not taken in good faith within the meaning of Section 1915(a). *Smith v. United States,* 359 F.2d 481 (8th Cir. 1966). Cf., *Daye v. Bounds,* 509 F.2d 66 (4th Cir. 1975); *Torres v. Garcia,* 444 F.2d 537 (9th Cir. 1971).

■ The Court finds that Dankert's appeal herein is patently frivolous and not taken in good faith. Dankert's ultimate contention is that the guilty plea that he entered in Cobb Superior Court was involuntary. State remedies are not exhausted. He has filed a habeas corpus action in state court and the record here shows that the validity of the guilty plea is at issue there. That habeas action is now on appeal before the Georgia Supreme Court. The instant litigation seeking to compel certain documents has never been more than an adjunct to the state court litigation, and, as noted above, has become moot. An appeal from this ruling simply makes no sense.

Dankert has been litigating in this court and in various Georgia courts for years. His allegations are constantly shifting. His record in the instant matter alone measures almost three inches thick. Dankert seems to typify that kind of prisoner, known to all courts, for whom continuous, mostly frivolous, pro se, *in forma pauperis* litigation can only be called a form of jail house hobby. 28 U.S.C. § 1915 gives the federal courts the power to protect themselves somewhat against this wasteful drain on their limited resources. Accordingly, the appeal sought in the instant case being frivolous and not in good faith, leave to appeal *in forma pauperis* is DENIED. See Fed.R.App.Proc. 24(a).

■ In a handwritten document filed in this court April 16, 1980, Dankert seeks this further relief: "Pursuant to the Freedom

of Information Act 5 U.S.C. § 552 and the Privacy Act of 1974, 5 U.S.C. § 552a I would like returned to me (if nothing but a copy) of all documents of original copies of letters, indictments, transcripts and motions sent your court since September 1, 1979 [sic]." The court will construe this paragraph as a motion by Dankert for the court to send him at no charge copies of certain portions of the record in the within case. No reason appears why this motion should be granted, and the motion is accordingly DENIED.