Larry JONES

v.

Raymond FRANK, Sheriff; County Judge Michael Renfro; County Commissioners David Samuelson, Bob Honts, Richard Moya, and Ann Richards; and Gregory J. O'Neill and Joseph Studdard.

Civ. No. A–80–CA–510.

United States District Court,
W.D. Texas,
Austin Division.

Jan. 31, 1985.

Bobby R. Taylor, Austin, Tex., for plaintiff.

Minton, Burton, Foster & Collins, Roy O. Minton, Charles R. Burton, Martha S. Dickie, Austin, Tex., for County & Com'rs.

Gibbins, Burrow & Bratton, Richard Tulk, Austin, Tex., for Sheriff Frank.

Stephen Capelle, Austin, Tex., for Studdard and O'Neill.

## ORDER

NOWLIN, District Judge.

Before the Court is the Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* brought pursuant to 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24(a). The Court has considered the Motion as well as the response of the Defendants, and is of the opinion that the Motion is not meritorious and should be Denied.

The trial of the Plaintiff's civil rights action began on September 24, 1984. On October 16, 1984 the jury returned a verdict in favor of all Defendants. The Plaintiff's Motion for New Trial alleging twelve grounds of error was denied by this Court on November 19, 1984. The Plaintiff then filed notice of appeal on December 4, 1984; his Motion for Leave to Appeal *In Forma Pauperis* was filed on December 11, 1984. This was the Plaintiff's first application to proceed *in forma pauperis* since this lawsuit was filed in December, 1980. The Defendants filed a response to the Plaintiff's Motion on January 4, 1985. The Court finds itself in the somewhat ackward position of determining not only whether the Plaintiff can afford the cost of his appeal but also whether the appeal is taken in "good faith." 28 U.S.C. § 1915; Fed.R.App.P. 24(a); *Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); *Carson v. Polley,* 689 F.2d 562, 586 (5th Cir.1982). The party demonstrates "good faith" when seeking review of any issue which is not frivolous. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Howard,* 707 F.2d at 220. A determination of good faith necessitates an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Howard,* 707 F.2d at 220. In other words, the existence of any non-frivolous or colorable issue on appeal will compel the Court to grant the Petitioner's Motion.

*Howard,* 707 F.2d at 220; *Carson,* 689 F.2d at 586.

The affidavit filed by the Petitioner sets out information sufficient to determine that he is unable to pay the cost of this appeal. The affidavit goes on to list twenty-seven (27) issues which the Petitioner wishes to present on appeal. The first two issues the Petitioner wishes to pursue address his desire to inquire into the mental processes of the jurors during their deliberations. This point was addressed by the Court's Order denying Petitioner's Motion for New Trial, a copy of which is attached to this Order. In an *in camera* interview, the juror in question testified that no outside influence was brought to bear upon any juror nor did the jury consider any extraneous prejudicial information during their deliberations. Consequently, the Petitioner had no right to inquire into the thought processes of the jury. Fed.R.Evid. 606(b); *Carson,* 689 F.2d at 580–81 (5th Cir.1982).

Petitioner's third point complains that the Court abused its discretion by admitting evidence of the Petitioner's character, reputation and prior criminal record. The Petitioner testified in this case, and various family members testified about his character, reputation and prior criminal history on direct examination conducted by Petitioner's own counsel. It was the Petitioner, not the Defendants who placed these matters in issue. An appeal on this point would be frivolous.

Petitioner's fourth point alleges the Court abused its discretion by allowing the Defendants to add additional witnesses a few days prior to trial without allowing him adequate time to prepare. Both parties to this lawsuit added additional witnesses shortly prior to the trial. The Petitioner was given at least two opportunities prior to trial to depose Dr. Turpin, an expert witness for the Defendants. In addition, the Court instructed the Petitioner that if at any time counsel felt he was not prepared for examination of a witness, the Court would recess and allow him whatever reasonable time was necessary to prepare. The Petitioner never requested a recess for this purpose.

Without citing a specific instance, the Petitioner's fifth ground alleges that the Court abused its discretion by not admitting evidence properly offered by the Petitioner. The Court presumes the Petitioner is referring to rulings which denied admission of evidence concerning a lawsuit brought in the early 1970's which challenged conditions at the Travis County Jail. The Petitioner's injuries were sustained in December, 1979, several years after that suit was tried. The Court admitted all evidence of conditions of confinement related to the alleged assault and injury of the Petitioner. The Sixth issue stated by the Petitioner alleges the Court should have excluded the testimony of witnesses who have allegedly violated the rule. Fed.R. Evid. 615. Again, the Petitioner points to no specific incident; however, at one point during the trial the Petitioner informed the Court that a witness had discussed his testimony with defense lawyers during a lunch break. Upon inquiry by the Court, it was determined that there had been no violation of Rule 615 by any party or witness. In fact, it was determined during the hearing that counsel for the Petitioner had also discussed other witness's testimony with the witness in question during the course of that witness's testimony. It is also interesting to note that this witness was called by the Petitioner. Once again, the Petitioner complains of evidence which he elicited from the witness stand.

The Petitioner's seventh and eighth issues challenge the Court's ruling which directed a verdict in favor of all Defendants as to the Petitioner's Eighth Amendment claim. As noted in the Court's Order denying the Petitioner's Motion for New Trial, the record reflects that the Petitioner was a pre-trial detainee at the time he was injured. Consequently, his Eighth Amendment claim was not appropriate in this case. *Thibodeaux v. Bordelon,* 740 F.2d 329, 333–34 (5th Cir.1984). In addition, the Court would note that even if this were

error it would be harmless because the jury found that there had been no assault or conscious indifference to serious medical needs on the part of the Defendants. The jury would not have reached the Eighth Amendment issue submitted by the Plaintiff. Consequently, this point is frivolous.

The Petitioner's next six issues ask the Court of Appeals to directly review whether a preponderance of the evidence establish certain facts at trial. In issue sixteen the Petitioner asks for review of this Court's ruling on his Motion for Directed Verdict. The Court assumes these issues all challenge the denial of Petitioner's Motion for Directed Verdict. As noted in this Court's Order denying the Petitioner's Motion for New Trial, the Court denied his Motion for Directed Verdict at the close of this case because the evidence adduced at trial established that reasonable and fair-minded men could arrive at a verdict contrary to that sought by the Petitioner. The Petitioner's allegation that the Court erred in failing to direct a verdict in his favor is ridiculous. As the Court noted in denying his Motion for New Trial "the evidence controverting the fact issues presented by the Plaintiff was so strong, that the Court was sorely tempted to direct a verdict in favor of all Defendants. In an abundance of caution, however, in recognizing that it is a function of the jury as a traditional finder of fact to weight conflicting evidence and inferences and determine the credibility of witnesses, the Court refrained from directing a verdict in favor of the Defendants and submitted the case to the jury...." *Jones v. Frank, et al*, A–80–CA–510, Order at 4 (W.D.Tex. November 19, 1984).

The Petitioner's fifteenth issue alleges that the Court erred by failing to allow him to make a full argument to the jury by reciting from the Court's charge. The Court instructed both parties prior to final argument that they should not recite the Court's charge during their arguments. The Court informed counsel that in addition to carefully reading the charge to the jury, the Court would provide a copy of the charge to the jury for their use in deliberations. The Court instructed counsel for the Petitioner not to read from the charge only after counsel continued to recite long quotations from the charge. After the Court instructed counsel not to read from the charge, counsel agreed and did not object. This point is frivolous.

The Petitioner's seventeenth issue seeks review of the Court's ruling partially directing a verdict in favor of certain Defendants. The Court has previously discussed its ruling on the Petitioner's Eighth Amendment claim and in the interest of brevity will refer to that portion of this order and the Court's Order denying Petitioner's Motion for New Trial. The Court granted the Defendants' Motion and directed a verdict in favor of all Defendants as to the Petitioner's allegation that all Defendants violated Tex.Rev.Civ.Stat. art. 6870. Article 6870 makes the Sheriff liable for the official acts of his deputies. There is no evidence that any party involved in this lawsuit was a deputy sheriff at the time of the alleged assault in Travis County Jail. The Court also directed a verdict in favor of Defendants Frank, Studdard and O'Neill as to the Petitioner's claim that those individuals were liable for any violation of Tex. Rev.Civ.Stat. art. 5115. Article 5115 imposes a duty to maintain a safe and suitable jail on the Commissioner's Court, not the Sheriff or Correctional Officers. In addition, the Court directed a verdict in favor of Defendants Studdard, O'Neill, Renfro, Moya, Honts, Richards and Samuelson as to the Petitioner's allegation that they violated Article 16.21 of the Texas Code of Criminal Procedure. Article 16.21 outlines the Sheriff's duty to prisoners. It is not applicable to Defendants Studdard, O'Neill, the County Judge or the County Commissioners. The Court would point out that even if these issues had been presented to the jury they would not have been reached because the jury found that no assault or conscious indifference to serious medical needs had occurred.

■ The Petitioner's eighteenth issue alleges the Court abused its discretion in

allowing the Petitioner's medical records into evidence. The medical records introduced reflected the Petitioner's history of serious mental illness. They were admitted after the Petitioner took the stand and after others had testified on direct examination in his behalf as to his competence, truth and veracity. They were clearly admissible for impeachment purposes. *U.S. v. Lindstrom*, 698 F.2d 1154 (11th Cir. 1983); *U.S. v. Partin*, 493 F.2d 750 (5th Cir.1974).

■ The nineteenth and twentieth issues stated by the Petitioner allege that contacts between the Defendant's, their agents, and the jury during trial prevented the Plaintiff from having a fair trial. During a lunch break two Defendants and an employee of defense counsel accidently wandered into the jury room while looking for the adjoining room which was occupied by defense counsel. The Court interviewed the jurors involved who all indicated that no conversations were held and that they would not be prejudiced by the accidental meeting. Counsel for all parties were given an opportunity to object or file any motions at that time. The record reflects that Petitioner's counsel neither objected to continuing the trial nor asked that a mistrial be granted. It is clear that no harm or prejudice resulted from the minimal and accidental contact with the jury, and it is further clear that counsel for the Petitioner failed to properly preserve this issue for appeal.

The Petitioner's next point claims that evidence from the Defendant's medical expert should not have been admitted over the Plaintiff's objection. This point merely reiterates that raised in issue number four. Again, the Court afforded counsel ample opportunity to depose the witness and also informed counsel that a continuance would be granted if counsel felt he needed more time to prepare for the witness. Counsel never requested a continuance for this purpose. This issue is frivolous.

The Petitioner's next issue complains of admission of a telephone deposition taken during trial. Counsel for the Defendant's requested the deposition pursuant to Federal Rule of Civil Procedure 30(b)(7). Counsel informed the Court that two days before the witness in question was to testify they learned that if she left Minnesota to testify in this Court her employment would be terminated. The Court granted the Motion and a time was arranged between the parties for the telephone deposition. All counsel were present during the deposition and counsel for the Petitioner was given an opportunity to pose questions to the deponent. The witness, Janet Holder, was listed on the Defendant's witness list prior to trial. In fact, Ms. Holder also appears on the Plaintiff's witness list which was filed on March 1, 1983. Counsel for the Petitioner cannot claim surprise by the testimony of this witness.

■ Petitioner's twenty-third issue asserts that the trial court should have given the jury instructions requested by the Petitioner. Counsel for all parties submitted requested jury instructions to the Court. Prior to charging the jury, the Court held an extensive pre-charge conference with all counsel present during which the jury charge was extensively discussed. At that time the Court presented its proposed charge to counsel and allowed them an entire day to study the proposed jury instructions. Prior to charging the jury in the courtroom, the Court allowed counsel for all parties an opportunity to state their objections to the jury charge on the record. Federal Rule of Civil Procedure 51 states "no party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Fed.R.Civ.P. 51. Plaintiff's attorney made only one objection concerning the Court's failure to give his proposed instruction concerning the County's liability for the actions of the individual defendants if an assault or injury had occurred at the hands of a county employee. Even if the Court had given this instruction, the jury would not have reached this issue because they found that there was no

assault or denial of medical care by the Defendants. Plaintiff at no time on the record requested or objected to the Court's failure to give any other portion of the Plaintiff's proposed charge. Therefore, the Plaintiff has failed to preserve any error on this point.

The Plaintiff's twenty-fourth issue argues the Court abused its discretion by overruling the Petitioner's Motion for New Trial. This issue has already been addressed by the Court in the body of this Order.

The Petitioner's twenty-fifth issue is also repetitious and has been addressed in the body of this Order.

The Petitioner's twenty-sixth issue concerns the Eighth Amendment issue which the Court has repeatedly addressed throughout this Order. Once again, there was no evidence offered nor any proof adduced during trial that the Petitioner was other than a pre-trial detainee at the time of his incarceration.

The Petitioner's final issue claims that he was denied a fair trial because counsel for the Defendants had previously represented him in criminal matters and had used information obtained under the attorney-client privilege in their defense of this case. As the Court and the Plaintiff were informed at trial, all evidence and information presented concerning the Petitioner's prior medical history were obtained through medical releases obtained in this civil action which were signed by the Plaintiff himself. Petitioner's counsel had failed to procure copies of Petitioner's medical records or request that Defendants provide Petitioner with copies of the medical records that Defendants had obtained. Consequently, it is understandable that Petitioner's counsel was surprised by production of these documents at trial. However, at no time during trial was the Petitioner heard to complain that he was denied a fair trial because a defense attorney may have represented him at some time ten years ago. Additionally, the Petitioner has earlier complained in other documents that error was committed by the Court in granting the Defendant's Motion in Limine to limit references to defense counsel's prior representation of the Petitioner. In fact, upon review of the record, it is clear that the Motion in Limine was made by the Petitioner's attorney to keep any reference from being made to defense counsel's prior representations of the Petitioner. The Petitioner cannot now be allowed to complain of matters which he himself asked to be kept from the jury. Petitioner did not, at the time of trial, or in this Motion, specify any evidence which counsel for the Defendants obtained through representations of the Petitioner, because it was clear that all of the evidence concerning Petitioner's past conduct, medical and criminal history came from and was fully documented by records obtained during the normal discovery process in this cause of action. It is equally clear that counsel for the Petitioner had access to the same records through the discovery process. Petitioner's prior medical records reflecting his history of mental illness consisted of two full volumes of medical reports dealing with the Petitioner's diagnosed status as a paranoid schizophrenic with reports made by numerous medical personnel. The Petitioner attempted throughout the trial of this cause to paint his prior history of mental illness as being one concerning alcohol abuse only. The matters presented in evidence at the trial as to the Petitioner's prior mental illness were relevant and admissible in that they demonstrated the Petitioner was prone to hallucinations and paranoia. These matters were also admissible for impeachment purposes.

In conclusion, it is apparent to this Court that none of the alleged errors submitted by the Petitioner are meritorious and that they cannot be supported on appeal, and that an appeal of this action, therefore, is not taken in good faith. Accordingly, the Petitioner's Motion for Leave to Proceed on Appeal *In Forma Pauperis* is hereby, in all things, DENIED.