**UNITED STATES of America**

v.

**Earl Lionel WILSON, Defendant.**

**Crim. No. 88–12–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

March 17, 1989.

Deborah G. Fowler, Asst. U.S. Atty., Macon, Ga., for plaintiff.

Earl Lionel Wilson, Milledgeville, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

After entering a plea of guilty, petitioner Earl Lionel Wilson was sentenced in accordance with the applicable sentencing guidelines. Mr. Wilson was represented by retained counsel prior to and at sentencing. On February 10, 1989, petitioner filed a *pro se* notice of appeal and applied for permission to proceed on said appeal *in forma pauperis.* This court notified petitioner by an order dated February 17, 1989, that he had failed either to state his belief that he is entitled to redress upon appeal or to identify the issues which he intends to pursue on appeal. The court ordered Mr. Wilson to fulfill the requirements of Federal Rule of Appellate Procedure 24 within ten (10) days.

Mr. Wilson responded in a letter to the court filed on February 21, 1989. Having read and considered Mr. Wilson's affidavit in support of his application to proceed on appeal *in forma pauperis,* the court determines that he qualifies financially for such status. However, before granting petitioner's application to proceed *in forma pauperis,* the court must consider the issues petitioner seeks to litigate on appeal.

■ An appeal may not be taken *in forma pauperis* if that appeal is not taken in good faith. *See* Rule 24(a) of the Federal Rules of Appellate Procedure, Eleventh Circuit Rule 24–1, and 28 U.S.C. § 1915(a).[1] An appeal is not taken in good faith when a litigant seeks the review of issues which are frivolous from an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed.2d 21, 28 (1962).

■ Having read petitioner's letter, the court notes that the essence of his position concerns the allegedly minor role he played in the offense for which he was indicted and to which he pleaded guilty. This position was addressed to the court by petitioner's retained counsel at sentencing. The court noted that petitioner's cooperation with the government and other factors raised before the court were in fact recognized by the favorable plea agreement entered into by petitioner and the government. The court also noted that such cooperation is reflected in petitioner being sentenced "on the bottom of the Guidelines ... an adequate bargain and appropriate bargain under the circumstances." Transcript of Sentencing Hearing ("Transcript"), p. 7.

---

1. The direct appeal of a sentence imposed pursuant to the Sentencing Guidelines Act by an individual proceeding *pro se* and requesting *in forma pauperis* status upon appeal after having had the previous benefit of retained counsel presents a situation unlike others considered by this court. Upon considering the applicable rules, the court determines that the standards contained therein, *i.e.,* that a litigant may not proceed *in forma pauperis* upon appeal if that appeal is not taken in good faith, apply to this situation.

Considering that petitioner's position was raised and considered during sentencing, the court concludes that the issues for which petitioner seeks review are frivolous from an objective standard. Thus, petitioner's application to proceed on appeal *in forma pauperis* is not brought in good faith and is hereby DENIED.

SO ORDERED.