**Alphonso DARDEN, Petitioner,**

v.

**Norris W. McMACKIN,
Warden, Respondent.**

**No. 3:90CV7320.**

United States District Court,
N.D. Ohio, W.D.

April 9, 1991.

Alphonso Darden, pro se.

Jack W. Decker, Office of the Atty. Gen., Columbus, Ohio, for respondent Warden at Marion Correctional Inst.

## OPINION AND ORDER

WALINSKI, Senior District Judge.

This action came to be heard on petitioner's objections to the December 14, 1990 Report and Recommendation of the United States Magistrate. In accordance with *Hill v. Duriron*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. § 636(b)(1)(B) and (C), this Court has made a *de novo* determination of the Magistrate's findings to which the petitioner objects. For the following reasons, petitioner's objections are not well taken and the same are denied.

### Background

On February 27, 1986 petitioner was sentenced by the Sandusky County Court of Common Pleas to an indeterminate term of from 10 to 15 years in prison, having previously been convicted by jury of attempted aggravated burglary with a prior aggravated felony specification in violation of O.R.C. § 2911.11(A)(3). In his petition for writ of habeas corpus, petitioner raised four assignments of error. Those assignments of error are correctly stated by the Magistrate to be:

1.) the failure to include a specification in the indictment pursuant to O.R.C. § 2941.142;

2.) failure to prove such specification;

3.) error in the imposition of an enhanced sentence without a finding by the jury of the basis of the specification;

4.) denial of effective assistance of counsel on direct appeal owing to counsel's failure to raise the specification issues.

### Discussion

Petitioner never advanced the first three assignments of error on direct appeal. They were, however, set out in a post-conviction relief petition, which petition was denied on *res judicata* grounds. The denial of petitioner's petition for post-conviction relief on *res judicata* grounds was affirmed by the Sixth District Court of Appeals of Ohio, Sandusky County. The Magistrate is correct in his determination that this ruling by the state appellate court constitutes a finding that the petitioner committed a procedural default which effectively forecloses relief in this Court. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 *reh'g denied*, 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1977) and *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Thus, on application to this Court, petitioner must show "cause" for and "actual prejudice" resulting from the default in order to have his claims heard. *Murray*, at 494–95, 106 S.Ct. at 2648–49. Petitioner's fourth ground for relief is his attempt to make such showing. The Magistrate concluded, based on a series of unreported state decisions stating that claims of ineffective assistance of appellate counsel can only be raised on direct appeal and not in post-conviction relief petitions, that there is no effective state remedy for raising such claims. He further concluded that because there is no such remedy, there can be no obligation to exhaust such claims nor any finding of procedural default with reference to the same. Petitioner, of course, argues that he is therefore in a "catch–22" situation in attempting to obtain review of appellate counsel's alleged deficiencies.

Even if petitioner's ineffective assistance of counsel claim is not unexhausted because of his lack of remedy, a review of the merits of this claim leaves no doubt that petitioner is not entitled to relief on this basis. To prevail on a claim of ineffective assistance of counsel petitioner must show two things: first, that counsel's performance was deficient and second, that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 *reh'g denied*, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). The underlying inquiry behind such a claim is whether

"counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* 466 U.S. at 686, 104 S.Ct. at 2064.

Clearly, petitioner was subject to the enhancement of his sentence as the result of the previous felony conviction. Moreover, the specification was substantially included in the indictment, albeit not including the precise word "specification". *See* O.R.C. § 2941.142. Second, it is difficult to imagine that the procedural errors of which petitioner complains (not raising the specification issues) caused prejudice to him. Furthermore, the Magistrate is correct in his determination that there is no basis on which the performance of appellate counsel could be found to be deficient in light of the absence of any challenge in the trial court to the procedures leading to the enhancement. Thus, petitioner's claim of ineffective assistance of appellate counsel fails on the merits.

■ Moreover, the Court determines *sua sponte* that petitioner would not be entitled to the issuance of a certificate of probable cause nor leave to file *in forma pauperis.* The issuance of a certificate of probable cause is not a matter of right. Neither 28 U.S.C. § 2253, Rule 22(b) of the Federal Rules of Appellate Procedure, nor any case law of which this Court is aware, provides a definite test for the district court to use in deciding whether to grant or deny a motion for a certificate of probable cause. A certificate of probable cause may be denied where an appeal lacks substantial merit. This petition fails to raise substantial issues of fact or law upon which the Court of Appeals should rule. Therefore, the Court declines to issue a certificate of probable cause.

■ Finally, this Court certifies that an appeal of this decision would not be taken in good faith. Under 28 U.S.C. § 1915(a), an appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith. A party demonstrates "good faith" when seeking review of any issue which is not frivolous. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Furthermore, a determination of good faith requires:

> an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to *whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'*

*Jones v. Frank,* 622 F.Supp. 1119 (W.D. Tex.1985) *(citing Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 *reh'g denied,* 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967); *Howard v. King,* 707 F.2d 215 (5th Cir.1983)). (Emphasis added.) An appeal of this case would not involve legal points arguable on their merits.

It is therefore,

■ ORDERED that the December 14, 1990 Report and Recommendation of the Magistrate is adopted as the order of this Court.

FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed.

FURTHER ORDERED that a motion for certificate of probable cause is *sua sponte* denied.

FURTHER ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this decision would not be taken in good faith.

### MAGISTRATE'S REPORT AND RECOMMENDATION

JAMES G. CARR, United States Magistrate Judge.

This is a habeas corpus case that has been referred to the undersigned for a Magistrate's Report and Recommendation. The defendant asserts four challenges to his conviction by an Erie County, Ohio, jury on charges of attempted aggravated burglary with a prior aggravated felony specification: 1) failure to include specification in the indictment; 2) failure to prove specification; 3) imposition of enhanced sentence without finding by jury of basis for specification; and 4) denial of effective assistance of counsel on direct appeal when

counsel failed to raise issues re. specification.

For the reasons that follow, I recommend that the petition be denied.

The petitioner's three contentions regarding the prior aggravated felony specification were never presented on direct appeal. They were, however, raised in a post-conviction relief petition, which was denied on the basis that those claims could and should have been raised on direct appeal. The denial of post-conviction relief on that basis was affirmed by the state court of appeals (Doc. 8, Exh. N).

This ruling by the state appellate court constitutes a finding that the petitioner committed a procedural default, which has the effect of foreclosing relief in this Court under the doctrine of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), which has been held to be applicable to defaults occurring on appeal. *See, e.g., Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647, 91 L.Ed.2d 397 (1986).

Thus, absent a showing of cause for and prejudice from the default, the petitioner cannot have the merits of his challenges to the enhancement considered in this Court. In an effort to show cause, the petitioner has also asserted his fourth claim—ineffective assistance of appellate counsel.

According to the respondent, the claim of ineffective assistance of appellate counsel cannot be raised in a post-conviction relief proceeding. In support of that contention, the respondent cites a series of unreported state appellate court decisions.

The effect of those decisions, in my opinion, is to leave Ohio defendants without an effective remedy in most cases where they seek to challenge the effectiveness of appellate counsel on direct appeal. In the respondent's view, the defendant can always assert that claim in his memorandum in support of jurisdiction in the Ohio Supreme Court, and thereby seek to obtain review of the effectiveness of appellate counsel's performance in that forum.

That is not, in my view, likely to be an effective remedy in most cases. First, many defendants are represented before the Supreme Court by the same lawyers who represented them on their direct appeals. There is no reason to believe that those attorneys will impugn the quality of their own performance when they seek to obtain Supreme Court review of the appellate court's decisions.

An additional reason for doubting the efficacy of raising a claim of ineffective assistance of counsel before the Supreme Court is the fact that, except in capital cases, review on direct appeal in that court is entirely discretionary. Very few cases are accepted for review by that court; though that, standing alone, is not an appropriate basis for finding that such review is not available, it is, in my opinion, a factor that can be taken into account when considering the effectiveness of the proposed state remedy.

Finally, as with other issues involving claims of ineffective assistance of counsel, the factual basis for such claims typically will be outside the record that is before the Supreme Court at the time review is sought. Even if a claim of ineffective assistance of counsel is made, it rarely will be capable of adjudication, because there will be no factual basis on which to ascertain and assess the reasons for appellate counsel's actions or inactions.

Thus, to the extent that Ohio law allows claims of ineffective assistance of counsel to be made only on direct appeal in memoranda in support of jurisdiction in the Ohio Supreme Court, I conclude that there is no effective state remedy for raising such claims. There being no such remedy, there is neither an obligation to exhaust those claims nor a basis on which the failure to do so in that forum could lead to a finding of procedural default as to such claims.

This is, of course, an issue that can be resolved by the courts of Ohio by reconsidering the ruling that claims of ineffective assistance of appellate counsel are not cognizable in a post-conviction relief petition. The logical and legal basis for the approach that has been taken by Ohio courts appears at best shaky, and I can perceive no good or justifiable reason for disallowing such claims in the Common Pleas Court simply

because they involve consideration of events that occurred during appeal. What is at issue, rather, is the performance of counsel before that court.

The Ohio courts that have disallowed claims of ineffective assistance of counsel in post-conviction proceedings appear, therefore, to misperceive what is at issue. They are, in my view, wrong in their view that to permit such claims to be heard in the trial court would cause a subordinate judicial officer to sit in judgment on the decisions of a superior court. All that is being reviewed in that situation are the acts and judgments of a lawyer, not of a court.

But in view of the wall of authority that has been erected in the unreported decisions recited by the respondent in its return of writ in this case, I conclude that, until such time as that wall is breached, defendants will be without an available and effective state remedy which they can use to challenge the constitutional sufficiency of counsel's performance on direct appeal. Thus, in this case, the petitioner neither was required to exhaust any state remedies nor is he foreclosed by the default doctrine from being heard on the merits of that issue in this Court.

When, however, the merits are considered, I find that the petitioner is not entitled to relief. In order to establish ineffective assistance of counsel, a petitioner must show not only that the lawyer's performance failed to meet reasonable norms, he must as well show resulting prejudice. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In my opinion, the petitioner has neither alleged nor shown prejudice.

His contentions are, in essence, that his sentence was unjustly enhanced due to a series of procedural errors. He has not alleged, and thus has not met his burden of showing, that he was not otherwise subject to such enhancement. In other words, he has not alleged and shown that he was not subject to enhancement of his sentence on the basis of a prior aggravated felony conviction. In my opinion, he must do so in order to show that the procedural errors of which he complains (and thus, his lawyer's failure to raise those errors) caused prejudice to him.

In any event, there is also, as the respondent argues, no basis on which the performance of appellate counsel could be faulted. There is no indication of any challenge in the trial court to the procedures leading to the enhancement. Absent such challenge, the issue was not preserved for appellate review, and appellate counsel acted properly when he did not raise those issues in the direct appeal.

Thus, I conclude that the petitioner is not entitled to relief in this case. It is, accordingly,

RECOMMENDED THAT the petition for a writ of habeas corpus be dismissed.