Lawrence V. DeSANTIS, Plaintiff,

v.

**UNITED TECHNOLOGIES CORPORATION,**
Defendant.

No. 96–338–CIV–ORL–19C.

United States District Court,
M.D. Florida,
Orlando Division.

May 21, 1998.

Thomas M. Farrell, IV, Sims, DiLorenzo & Lopez, P.A., Jacksonville, FL, for Plaintiff.

Lawrence V. DeSantis, Merritt Island, FL, pro se.

Patricia E. Lowry, Mark B. Roberts, David L. Ferguson, Steel, Hector & Davis, West Palm Beach, FL, for Defendant.

### ORDER

FAWSETT, District Judge.

This case was considered by the Court on the Report and Recommendation of the United States Magistrate Judge (Doc. No. 105, filed April 28, 1998). No objection to said Report and Recommendation was filed. Upon consideration, it is

**ORDERED** that the Report and Recommendation (Doc. No. 105) is **ADOPTED** and **AFFIRMED.** Plaintiff's Motion to Proceed on Appeal In Forma Pauperis (Doc. No. 102, filed March 11, 1998) is hereby **DENIED.** Plaintiff DeSantis' appeal is not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24. Plaintiff's Application to Proceed In Forma Pauperis (Doc. No. 100, filed January 26, 1998) is **DENIED** as moot.

### REPORT AND RECOMMENDATION

GLAZEBROOK, United States Magistrate Judge.

Following a two day jury trial, the Clerk entered a judgment on October 8, 1997 against plaintiff Lawrence DeSantis and in favor of defendant United Technologies, dismissing the action on the merits and awarding defendant its costs. Docket No. 91. During the underlying proceedings, Thomas M. Farrell, IV ("Farrell") represented DeSantis. On November 7, 1997, DeSantis filed both his notice of appeal and first application to proceed *in forma pauperis.* Docket Nos. 93 and 94. On November 26, 1997, the Court denied as incomplete DeSantis's first motion to proceed *in forma pauperis* with leave to refile a completed application. *See* Docket No. 96. On January 5, 1998, Farrell moved to withdraw as DeSantis' counsel of record. Docket No. 98. On January 26, 1998, DeSantis filed his second motion to proceed *in forma pauperis.* Docket No. 100.

On February 23, 1998, the Court deferred ruling on DeSantis's second motion to proceed *in forma pauperis* pending DeSantis' filing of an affidavit that complies with 28 U.S.C. § 1915 and Fed.R.App.P. 24. The Court ordered DeSantis, with the aid and assistance of attorney Farrell, to file an affidavit setting forth DeSantis's belief that he is entitled to redress, and a statement of the issues which DeSantis intends to present on appeal. *See* Docket No. 101. On March 11, 1998, DeSantis complied with the Court's order by filing a third motion to proceed *in forma pauperis* [Docket No. 102] and supporting affidavit [Docket No. 103]. On March 19, 1998, the Court held a hearing on DeSantis's motions to proceed *in forma pauperis,* and granted Farrell's motion to withdraw as counsel of record [Docket No. 98].

DeSantis claims that the jury's verdict—that his claim of sleep apnea did not constitute a "disability" as defined in the Americans with Disabilities Act [ADA or "the Act"]—was in error and the result of "confusion, lack of understanding of the jury instructions submitted in the case, or mistake of law or fact." Docket No. 102. DeSantis claims error based on the jury's reliance on confusing or otherwise objectionable jury instructions [Docket No. 85] and special verdict forms [Docket No. 90]. *See* Docket No. 102. DeSantis also claims that the following is appropriate for review: "whether reversible error was committed by entry of the October 8, 1997 judgment at the conclusion of the trial finding that the Plaintiff did not suffer from a "disability" as defined in the [ADA] where substantial evidence was submitted that Plaintiff did suffer from a disability within the meaning of the [ADA]." *See* Docket No. 102. DeSantis cites record evidence in support of his claim of disability under the ADA. *See* Docket No. 102.

### I. The Law

Section 1915, 28 U.S.C., and Fed.R.App.P. 24 govern the determination of applications to proceed *in forma pauperis. See Brown v. Pena,* 441 F.Supp. 1382, 1384 (S.D.Fla.1977), *aff'd,* 589 F.2d 1113 (5th Cir.1979).[1] Section 1915(a) provides, in relevant part:

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

\* \* \* \* \* \*

(3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915(a) (1996) (emphasis supplied). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915(e), 18 U.S.C., provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (1996) (formerly § 1915(d)).

Rule 24(a) of the Rules of Appellate Procedure provides:

**Leave to Proceed on Appeal *in Forma Pauperis* From District Court to Court of Appeals.** A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and **a statement of the issues which that party intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial.**

Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court *in forma pauperis*, or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding.

**If a motion for leave to proceed on appeal *in forma pauperis* is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action.** A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons given by the district court for its action.

Fed.R.App.P. 24(a) (bold emphasis supplied).

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). "Good faith" within the meaning of § 1915

must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21; *see also United States v. Wilson*, 707 F.Supp. 1582, 1583 (M.D.Ga.1989), *aff'd*, 896 F.2d 558 (11th Cir. 1990).

■ The Petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *see also Farley v. United States*, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir.1958); *Meadows v. Trotter*, 855 F.Supp. 217, 219 (W.D.Tenn.1994); *U.S. v. Durham*, 130 F.Supp. 445 (D.C.D.C.1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous; *Sejeck v. Singer Mfg. Co.*, 113 F.Supp. 281 (D.C.N.J.1953) ("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F.Supp. 929 (W.D.Mo.1953) (the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

■ The good-faith test under § 1915 must not be converted into a requirement of a preliminary showing of any particular degree of merit, and the district court must grant leave to appeal *in forma pauperis* unless issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant. *Ellis v. United States*, 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); *see also United States v. Scharf*, 354 F.Supp. 450, 453 (E.D.Pa.1973), *aff'd*, 480 F.2d 919 (3d Cir.1973) (the Court must liberally construe § 1915, and the Court is to give every benefit of the doubt in order to decide plaintiff's petition in his favor); *Mi-*

*randa v. United States*, 458 F.2d 1179 (2nd Cir.1972) (threshold level of good faith is not very great and doubts about substantiality of issues presented should normally be resolved in applicant's favor). Determination of good faith necessitates an inquiry into the appeal's merits, but such inquiry is limited to whether appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated. *See Jones v. Frank*, 622 F.Supp. 1119 (W.D.Tex.1985). Application may be denied if it appears—objectively— that the appeal cannot succeed as a matter of law. *See, e.g., United States v. Fletcher*, 483 F.Supp. 879 (E.D.Tenn.1978), *aff'd.* 601 F.2d 591 (6th Cir.1979) (denial where petitioner's position is contradicted diametrically by established law); *Linden v. Harper & Row Publishers*, 490 F.Supp. 297 (S.D.N.Y.1980) (denial where the action is barred by res judicata); *Dankert v. Clerk*, 86 F.R.D. 474 (N.D.Ga.1980) (denial where failure to exhaust state remedies).

■ Whether an appeal is taken in good faith is a matter within the discretion of the trial court. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948). The willingness of courts to utilize proceedings *in forma pauperis* should correspond, at least to some degree, to the gravity and impact of the social policy asserted in the underlying cause of action, and the ability of that underlying cause of action to generate fees and attract the private bar. *See Coppedge*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Schweitzer v. Scott*, 469 F.Supp. 1017, 1019—20 (C.D.Cal.1979). Although the courts do not judge the relative worth of various laws, as a general rule, a court should be more willing to entertain an *in forma pauperis* application in a criminal proceeding, or a Title VII proceeding, than in a civil action for money damages.[2] *See Cop-*

---

2. Discussing the predecessor of § 1915, Senator Bacon of the Senate Judiciary Committee stated that "(w)hen a judge has heard a case and it is about to be carried to an appellate court, he ... is in a position to judge whether it is a case proceeding capriciously, or viciously, or with prejudice, or from any other improper motive, or whether the litigant is proceeding in good faith." 45 Cong.Rec. 1533 (1910), *quoted in Coppedge*, 369 U.S. at 444 n. 8, 82 S.Ct. 917. These statements, as the Supreme Court in *Coppedge* ob-

served, were specifically directed towards civil suits. *See* 369 U.S. at 444 n. 8, 82 S.Ct. 917. Thus, although the threshold level of "good faith" is not very great in criminal or even Title VII cases, and doubts about the substantiality of the issues presented should normally be resolved in favor of the criminal defendant, *see Miranda v. United States*, 458 F.2d 1179 (2d Cir.1972), the same is not true in civil suits for money damages. *See Schweitzer*, 469 F.Supp. at 1019—20.

*pedge,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21; *see also Flowers v. Turbine Support Division,* 507 F.2d 1242, 1244, n. 2 (5th Cir. 1975) (trial court has wide discretion to deny IFP status—especially in civil cases for damages—though it may be that federal courts should not be so parsimonious in Title VII suits); *Evensky v. Wright,* 45 F.R.D. 506 (N.D.Miss.1968); *Schweitzer v. Scott,* 469 F.Supp. 1017 (C.D.Cal.1979).

In deciding whether an *in forma pauperis* appeal is frivolous under § 1915(e), the district court determines whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir.1991), *quoting Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976). A district court should order a § 1915(e) dismissal only when an appeal lacks "arguable merit." *See Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir.1987).[3] "Arguable" is defined as capable of being convincingly argued. *See Moreland v. Wharton,* 899 F.2d 1168, 1170 (11th Cir.1990) (reviewing complaint for frivolousness).

## II. Grounds Alleged for Appeal

DeSantis intends to appeal on the grounds that 1.) the district court committed plain error in submitting confusing, misleading, and otherwise objectionable jury instructions [Docket No 85] and special verdict forms [Docket No. 90] to the jury, resulting in the jury's finding that DeSantis' sleep apnea did not rise to the level of a "disability" as defined in the ADA; and that 2.) the district court committed plain error by accepting the jury's verdict and entering judgment against DeSantis at the conclusion of the trial where, based on substantial evidence in the record, no reasonable trier of fact could have found him to be not disabled within the meaning of the ADA. *See* Docket No. 102.

Fed.R.Civ.P. 49(a), governing special verdicts, provides:

Special Verdicts. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. **If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.**

Fed.R.Civ.P. 49(a) (emphasis added). Fed.R.Civ.P. 51 governs jury instructions and objections. Fed.R.Civ.P. 51 provides in relevant part:

**No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict,** stating distinctly the matter objected to and the grounds of the objection.

Fed.R.Civ.P. 51 (emphasis added).

The Eleventh Circuit recognizes two exceptions to Rule 51's requirement that a party must timely object to an erroneous jury charge: "(1) where the party's position has previously been made clear to the court and it is plain that a further objection would have been unavailing," and (2) "where the error is so fundamental as to result in a miscarriage of justice if a new trial is not granted." *King v. Allstate Ins. Co.,* 906 F.2d 1537, 1542 (11th Cir.1990); *see Ames v. Prov-*

---

3. The Court notes that portions of *Menendez,* 817 F.2d 737, purportedly overruled in *Prather v. Norman,* 901 F.2d 915 (11th Cir.1990), in view of the Supreme Court's decision in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), were upheld as "good law" by the Eleventh Circuit in *Clark v. State of Georgia Pardons and Paroles Bd.,* 915 F.2d 636, 639 (11th Cir.1990).

*ident Life and Accident Ins. Co.*, 942 F.Supp. 551, 558–59 (S.D.Fla.1994), *aff'd*, 86 F.3d 1168 (11th Cir.1996).

At the March 19, 1998 hearing, De-Santis' counsel admitted that no objection was made or preserved with regard to either the jury instructions or the verdict forms. DeSantis also made no motion for a new trial within the prescribed ten day period. Absent timely objection to instructions, the standard of review on appeal is "plain error." *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 256, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Accordingly, the standard on appeal regarding the jury instructions and special verdict forms is plain error.

Plain error review under Rule 51 is suited to "correcting obvious instances of injustice or misapplied law." *See City of Newport*, 453 U.S. at 256, 101 S.Ct. 2748. While the Court has great latitude to grant a new trial to prevent a miscarriage of justice on the basis of incorrect jury instructions, *see Cruthirds v. RCI, Inc.*, 624 F.2d 632 (5th Cir.1980), "the power will only be exercised in exceptional cases." *Nowell v. Dick*, 413 F.2d 1204, 1211 (5th Cir.1969). In order to merit reversal as plain error, a party must establish that the challenged instruction was an incorrect statement of the law, and that it was probably responsible for an incorrect verdict leading to substantial injustice. *See Rodrigue v. Dixilyn Corp.*, 620 F.2d 537, 541 (5th Cir.1980); *Ames*, 942 F.Supp. at 558–59.

An error is sufficiently fundamental to warrant a new trial despite a failure to object where an erroneous charge will mislead the jury or leave the jury to speculate as to an essential point of law. *See Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074, 1083 (11th Cir.1987); *see, e.g., Hunt v. Liberty Lobby*, 720 F.2d 631, 647 (11th Cir.1983) (new trial granted because jury instructions created uncertainty as to whether the jury had followed constitutionally-mandated criteria in determining its verdict); *Industrial Dev. Bd. of Town of Section, Ala. v. Fuqua Indus.*, 523 F.2d 1226, 1239 (5th Cir.1975) (new trial where an instruction on third-party beneficiary status may well have deprived the appellant of its right to have the real issue, contract and damage, decided).

Moreover, the trial court is not bound to adopt the exact language which counsel chooses for jury instructions, but has considerable latitude in the choice of language used to convey the applicable law in a clear and correct fashion to the jury. *See Nowell v. Dick*, 413 F.2d 1204, 1211 (5th Cir.1969). The instruction is sufficient if it covers the subject matter of the requested instruction. *Nowell*, 413 F.2d at 1211.

DeSantis also claims that the district court committed reversible error by entering the judgment against DeSantis, where he had submitted substantial evidence that he suffered from a disability within the meaning of the ADA. *See* Docket No. 102. Fed.R.Civ.P. 50 relates to judgment as a matter of law injury trials, motions for a new trial and conditional rulings. Rule 50(a)(1) provides in relevant part:

(a) Judgment as a Matter of Law.

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed.R.Civ.P. 50(a)(1). At no time did De-Santis ever move for judgment as a matter of law pursuant to Rule 50. Nor did DeSantis ever request a new trial under Fed.R.Civ.P. 59. *See* 83—84, 86. Because DeSantis made and preserved no objection, the standard on appeal is whether the district court plainly erred in submitting DeSantis' claim to the jury.

### III. Application to DeSantis' Motion to Proceed *In Forma Pauperis* on Appeal

DeSantis qualifies financially to proceed *in forma pauperis*. Because DeSantis did not move to proceed *in forma pauperis* at the trial level, DeSantis' motion and affidavit also set forth his belief that he is entitled to redress on appeal, as well as the issues he

**1292**

intends to present on appeal. *See* Docket Nos. 102 and 103. Before allowing DeSantis to proceed *in forma pauperis*, however, the Court may certify whether the appeal DeSantis wishes to make is taken in good faith.[4] *See* 28 U.S.C. § 1915; Fed.R.App.P. 24.

 The Court assumes—and finds nothing in the record to contradict such an assumption—that DeSantis' appeal is not malicious, but is, instead, taken in subjective good faith. Nevertheless, in order to review DeSantis' application to proceed on appeal *in forma pauperis*, the Court now assesses DeSantis' grounds for appeal for objective good faith and, its alter ego, frivolousness. *See* 28 U.S.C. § 1915(a), (d); Fed.R.App.P. 24(a). In assessing good faith, the Court analogizes DeSantis' ADA claim to Title VII cases—as opposed to other civil suits for money damages—and affords it the same degree of deference.

It cannot be said that DeSantis has even a colorable claim that the district court committed plain error by submitting the instant instructions [Docket No. 85] or special verdict forms [Docket No. 90] to the jury. DeSantis concludes that—but does not state how—the jury instructions and special verdict forms used were insufficient, misleading, or mistaken, or that the district court erred in failing to give other instructions. The Court used the instructions and verdict form DeSantis requested. DeSantis cites to the record evidence in support of his claim of disability under the ADA, but nowhere specifies how the jury instructions and verdict forms were confusing or otherwise objectionable. *See* Docket No. 102. Though they reflect the complexity of the ADA, the instructions (and verdict form) appear standard to an Americans with Disabilities Act trial, and clearly state the issues of fact that the jury was required to resolve under the Act. Moreover, DeSantis's counsel conceded that he not only agreed with the instructions and special verdict forms used at trial, but he "essentially agreed" with the few changes made by the district court. Because of the high standard that DeSantis must prove on appeal—plain error—and based on the undersigned's review of the record, the Court

finds that DeSantis' appeal is frivolous with regard to the instructions and the verdict forms.

 There is also no indication that the district court committed plain error in submitting DeSantis' claim to the jury, or not otherwise setting aside—on its own motion—the jury's verdict against DeSantis. The record fails even to demonstrate a colorable claim that there was a legally insufficient evidentiary basis such that no reasonable jury could find for United Technologies on the issue of whether DeSantis suffered from a "disability" within the meaning of the ADA. Indeed, DeSantis does not even argue an absence of a legally sufficient evidentiary basis to support a defense verdict, but merely summarizes the evidence that he presented at trial to bolster his claim. *See* Docket No. 102. Because of the high standard that DeSantis must prove on appeal, and based on the undersigned's review of the record, the Court finds that DeSantis' appeal is frivolous with regard to the district court's failure to set aside the jury verdict. Accordingly, the Court finds that DeSantis does not bring his appeal in objective good faith.

## IV. Conclusion

Having reviewed the plaintiff's applications to proceed *in forma pauperis* [Docket Nos. 100, 102] and supporting affidavit [Docket No. 103], the Court finds that the plaintiff is a pauper, but is not entitled to proceed on his appeal *in forma pauperis*. The Court **RECOMMENDS** certification that DeSantis's appeal is not taken in good faith, and the denial of DeSantis' motions to proceed *in forma pauperis* on appeal.

Failure to file written objections to the proposed findings and recommendations in this report pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 6.02 within ten days of the date of its filing shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report, and

---

4. The Court notes that if the district court certifies that the appeal is not taken in good faith and denies plaintiff's motion to proceed *in forma* *pauperis*, DeSantis may file a motion for leave to proceed *in forma pauperis* with the Court of Appeals pursuant to Fed.R.App.P. 24(a).

shall bar an aggrieved party from attacking the factual findings on appeal.

April 28, 1998.