Jake EVENSKY, Plaintiff,

v.

Wallace WRIGHT, Burt W. Birmingham, and Anita Scoggin, Defendants.

Larry EVENSKY, by and through his Father and next-friend, Jake Evensky, Plaintiff,

v.

Wallace WRIGHT, Burt W. Birmingham, and Anita Scoggin, Defendants.

Julia BALENTINE, Plaintiff,

v.

Wallace WRIGHT, Burt W. Birmingham, and Anita Scoggin, Defendants.

Sam SHAPIRO, Plaintiff,

v.

Wallace WRIGHT, Burt W. Birmingham, and Anita Scoggin, Defendants.

Morris WILKOWSKY, by and through his Father and next-friend, Herbert I. Wilkowsky, Plaintiff,

v.

Wallace WRIGHT, Burt W. Birmingham, and Anita Scoggin, Defendants.

Civ. A. Nos. WC 6855–S–WC 6859–S.

United States District Court

N. D. Mississippi, W. D.

Dec. 23, 1968.

Raymond Sauer, Memphis, Tenn., for plaintiffs.

Lowell E. Grisham, Ethridge & Grisham, Oxford, Miss., for defendant, Wright.

## OPINION

ORMA R. SMITH, District Judge.

All of the above-styled cases involve the determination of whether the plaintiffs should be allowed to proceed in forma pauperis. For this reason, these cases are consolidated under Rule 42(a), Federal Rules of Civil Procedure.

On November 25, 1968 affidavits of poverty were filed in each of the above-styled cases. All of these affidavits are identical and state only that the affiant is a citizen of the United States; that he is unable to bear the cost of this proceedings, that he believes he is entitled to redress, and that the nature of the action is a suit for personal injuries and property damage resulting from the negligence of the named defendants. These affidavits were drawn in an attempt to comply with the provisions of 28 U.S.C. Section 1915. The pertinent parts of Section 1915 are as follows:

"Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress."

Leave to proceed in forma pauperis without the payment of fees, costs, or the giving of security, is addressed to the sound discretion of the District Court under the provisions of this statute. See Cole v. Smith, 344 F.2d 721 (8 Cir. 1965); Weller v. Dickson, 314 F.2d 598 (9 Cir. 1963); and Shobe v. People of State of California, 362 F.2d 545 (9 Cir. 1966) cert. denied 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115. Furthermore, leave to proceed in forma pauperis is a privilege not a right. See Higgins v. Steele, 195 F.2d 366 (8 Cir. 1952); Smart v. Heinze, 347 F.2d 114 (9 Cir. 1965); and Rhodes v. Houston, 258 F.Supp. 546, 578 (D.Neb. 1966). Where on the face of the complaint the action is frivolous, or malicious, the motion to proceed in forma pauperis should be denied. See Reece v. State of Washington, 310 F.2d 139 (9 Cir. 1962) and Fletcher v. Young, 222 F. 2d 222 (4 Cir. 1955), cert. denied, 350 U.S. 916, 76 S.Ct. 201, 100 L.Ed. 802. There is authority for the proposition that the privilege of proceeding in forma pauperis in civil actions for damages should be allowed only in exceptional circumstances. Weller v. Dickson, 314 F. 2d 598, 600 (9 Cir. 1963). The privilege of proceeding in forma pauperis in civil actions should not be withheld from an indigent without reason. The poor should have access to our courts. The problem lies in separating the frivolous and malicious claims from those with merit and in separating those individuals who can bear all or part of their court cost from those that cannot pay any costs. The privilege of proceeding in forma pauperis should not be reserved for those that are destitute, nor should a man be forced to go hungry to maintain his suit. But something more than

the mere statement and an affidavit that a man is "poor" should be required before a claimant is allowed to proceed in forma pauperis, particularly when the action is one for damages in a negligent action. The minimum requirement in the mind of this Court is that in civil actions a claimant should be required to furnish the same information that is required of an indigent criminal defendant before he is allowed to proceed in forma pauperis. In addition, where an attorney has filed the complaint on behalf of the pauper, then the attorney should be required to submit an affidavit concerning his relationship to the action. Does he expect to receive a fee? If so, from whom? Does he have the case on a contingent fee basis, or is he undertaking to prosecute this action gratuitously? The answers to these questions in many cases can be determinative.

Before the claimants in the above-styled cases will be allowed to proceed in forma pauperis, they will be required to execute affidavits which shall contain the following information:

"I, _____, being first duly sworn, depose and make under oath the following statement regarding my marital status, residence, employment and financial status:

I.  MARITAL STATUS:

    a.  Single ( ) Married ( ) Separated ( ) Divorced ( )

    b.  Dependents: Wife ( ) Children, No. _____
       Others, No. _____ and Relationship _____

II.  RESIDENCE:

    Defendant's address: Street _____
    City _____ State _____ Phone _____

III.  EMPLOYMENT:

    Name of Employer _____
    Address of employer _____
    Employer's Phone _____
    How long employed by present employer? _____
    Income: Monthly $_____ or weekly $_____
    Job Description: _____

IV.  FINANCIAL STATUS:

    1.  Owner of real property: Yes ( ) No ( )

       a.  Description _____

       b.  Address _____
       c.  Estimated value .......... $_____
       d.  Total amount owed ....... $_____
          Owed to: _____ $_____
                 _____ $_____
       e.  Annual income from property ... $_____

2. Other property:
   a. Automobile: Make _____ Model _____
      In whose name registered _____
      Present value of car .......... $_____
         Amount owed ........... $_____
         Owed to _____
   b. Cash on hand .............. $_____
      Cash in banks and savings & loan
         associations .............. $_____
         Names and addresses of banks and associations:

      _____
      _____

3. Obligations:
   a. Monthly rental on house or apartment... $_____
   b. Mortgage payments on house (monthly). $_____
   c. Other debts:

   | To whom owed | Amount |
   |---|---|
   | _____ | $_____ |
   | _____ | $_____ |
   | _____ | $_____ |
   | _____ | $_____ |

   Total monthly payments on debts ....... $_____

4. Other information pertinent to defendant's financial status:

   (Include stocks, bonds, savings bonds, interests in trusts either owned or jointly owned.)

   _____
   _____

                    Signed _____
                                  (defendant)

Subscribed and sworn before me
this _____ day of _____, 19___.

   _____
   _____

━━━━◆━━━━

In addition to this affidavit, if the claimant has an attorney the attorney should execute an affidavit which should contain the following information:

(1) Description of the fee arrangements that have been made, if any; and

(2) Does the attorney have a contingent fee arrangement with the claimant?

Only after the above affidavits have been filed with the Clerk of this court will action be taken on the motion to proceed in forma pauperis.

### ORDER

In accordance with the opinion signed today, it is

Ordered:

1) That leave to proceed in forma pauperis in the above-styled cases is de-

nied until the affidavits described in the Opinion have been filed.

2) Upon receipt of the information set out in said Opinion, this Court will consider anew the applications to proceed in forma pauperis.