**George L. SCHWEITZER, Plaintiff,**

v.

**Erle W. SCOTT et al., Defendants.**

**No. CV 78–0364–RJK.**

United States District Court, C. D. California.

May 1, 1979.

George L. Schweitzer, in pro. per.

Andrea Sheridan Ordin, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Philip S. Malinsky, Asst. U. S. Atty., Los Angeles, Cal., for defendant Erle W. Scott.

### MEMORANDUM OF DECISION AND ORDER

KELLEHER, District Judge.

Petitioner's complaint was filed in the Ventura County, California court in December of 1977. Petitioner alleged that on or about December 17, 1976, the defendants, assaulted, assaulted with the intent to murder, and falsely imprisoned him. He requested damages of $2,000,000.

The action was removed to this Court on January 25, 1978, pursuant to 28 U.S.C. § 1442(a)(1), by defendant Scott. Scott alleged he was acting solely under color of his federal office and in pursuit of his duties as an officer of the United States.

On January 23, 1979, the Court entered judgment in favor of defendants and against the petitioner. This resulted from action taken by the Court January 15, 1979, when the Court dismissed the action—with prejudice—upon the petitioner's failure to respond to or appear in connection with a motion to dismiss or compel discovery. This failure to appear or otherwise respond followed petitioner's wilful failure to appear at a duly-noticed deposition. The plaintiff, *pro se*, filed his notice of appeal on March 22, 1979.

On April 23, 1979, the petitioner submitted an ex parte application seeking leave to appeal in forma pauperis. That application, based on 28 U.S.C. § 1915, is the subject of this Memorandum of Decision and Order. For the reasons set out *infra*, plaintiff's ex parte application must be, and is, denied.

Applications for leave to appeal in forma pauperis are governed by 28 U.S.C. § 1915. Subsection (a) of § 1915 states that

> [a]ny court of the United States may authorize the commencement . . . of any suit . . . or appeal therein, without prepayment of fees and costs or security therefore, by a person who makes an affidavit that he is unable to pay such costs or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

That subsection goes on to state that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Subsection (d) of § 1915 adds that "[t]he court . . . may dismiss the case . . . if satisfied that the action is frivolous or malicious."

### I. *Petitioner's Affidavit*

 Plaintiff's affidavit is facially deficient. It fails to state the nature of the

action. It is not notarized. It also fails to state affiant's belief that he is entitled to redress. Of course, the plaintiff is proceeding *pro se*, and the Court does not hold him to the rigid standards applied to attorneys. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). But even broadly read, the affidavit does not comply with the requirements of 28 U.S.C. § 1915. Accordingly, the Court denies plaintiff's application on the ground that his affidavit is insufficient. *See Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896, 81 S.Ct. 227, 5 L.Ed.2d 190 (1961). *See also Atkins v. Sullivan*, 387 F.2d 140 (10th Cir. 1967), *cert. denied*, 391 U.S. 925, 88 S.Ct. 1822, 20 L.Ed.2d 663 (1968).

## II. *The Merits*

■ Alternately, if the affidavit is construed to meet the formal requirements of Section 1915, the Court must still deny the application. The issues before the Court on a properly presented application are (1) whether the appeal is taken in good faith; and (2) whether the Court, in the exercise of its informed discretion, should allow petitioner to appeal this civil matter at government expense. For the reasons set out below, the Court denies petitioner's application on both grounds.

■ To begin, it is important to note that subsection 1915(a) states that a court of the United States *may* authorize an appeal in forma pauperis. The trial court has considerable discretion subject to proper appellate review. The Ninth Circuit, for instance, has stated generally that " 'the privilege of proceeding in forma pauperis is a matter within the discretion of the trial court and in civil actions for damages should be allowed only in exceptional circumstances.' " *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). Although *Weller* fails to identify the precise bounds of "exceptional circumstances," the Court understands that some non-criminal cases present unique hardship or close questions of law in a situation where a litigant will have no avenue of redress absent leave to proceed or appeal in forma pauperis. This is simply not one of those situations.

First, the case presents no unique hardship to the petitioner. An examination of his complaint and the allegations thereunder reveals concern about conduct arising in the past. No present or future damage or injury to the plaintiff is alleged, nor is any such danger imminent. Petitioner's livelihood does not hang in the balance, nor is his freedom in any way jeopardized.

■ Second, the law respecting assault, assault with intent to murder, and false imprisonment is crystal clear. Like most cases, the vitality of petitioner's complaint turns on the application of disputed facts to law. The petitioner's legal arguments are neither novel, nor are they based upon statutes or cases that have not been fully construed. The Court recognizes that some actions present novel issues or questions with impact far beyond the bounds of the case *sub judice*. In those civil cases, the Court would be more receptive to applications for leave to appeal in forma pauperis. This is not a case presenting such issues.

Third, petitioner has other avenues of appeal open to him. Generally, a civil tort case—like this one—provides the litigant with several, optional remedies not available in the field of criminal law. For example, the contingent fee is available, in theory, to the petitioner in this case, but it is clearly unavailable to the criminal defendant. Petitioner's financial status thus does not foreclose other avenues of appeal. Courts, in the exercise of their discretion under 28 U.S.C. § 1915, should be especially sensitive to this last consideration.

■ The policy underpinning appeals in forma pauperis is to provide an entree—not a barrier—to the indigent seeking relief in the federal courts. *Souder v. McGuire*, 516 F.2d 820 (3d Cir. 1975). As the Supreme Court indicated in *Coopedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), the willingness of courts to utilize proceedings in forma pauperis should correspond, at least to some degree,

to the gravity and impact of the social policy asserted in the underlying cause of action, and the ability of that underlying cause of action to generate fees and attract the private bar. Although the courts do not judge the relative worth of various laws, as a general rule, a court should be more willing to entertain an application of this nature in a criminal proceeding, or a Title VII proceeding, than, say, in a civil action for money damages. *See, e. g., Coopedge, supra; Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975); *Evensky v. Wright*, 45 F.R.D. 506 (N.D. Miss.1968). *See also Weller, supra.*

■ On this basis, the Court concludes that it should exercise its discretion to deny petitioner's application to appeal in forma pauperis. Even a strained reading of petitioner's papers fails to reveal those "exceptional circumstances" necessary to justify an appeal in forma pauperis in this civil action for money damages.

■ Moreover, whether an appeal is taken in good faith is also a matter within the discretion of the trial court. Discussing the predecessor of § 1915, Senator Bacon of the Senate Judiciary Committee stated that " '[w]hen a judge has heard a case and it is about to be carried to an appellate court, he * * * is in a position to judge whether it is a case proceeding capriciously, or viciously, or with prejudice, or from any other improper motive, or whether the litigant is proceeding in good faith.' " 45 Cong.Rec. 1533 (1910), *quoted in Coppedge v. United States*, 369 U.S. 438, 444 n.8, 82 S.Ct. 917, 920–921 n.8, 8 L.Ed.2d 21 (1962). These statements, as the court in *Coppedge* observed, were specifically directed towards civil suits. Thus, although the threshold level of "good faith" is not very great in criminal cases, and doubts about the substantiality of the issues presented should normally be resolved in favor of the criminal defendant, *Miranda v. United States*, 458 F.2d 1179 (2d Cir.), *cert. denied*, 409 U.S. 874, 93 S.Ct. 207, 34 L.Ed.2d 126 (1972), the same is not true in civil suits for money damages.

■ "Good faith" is not a subjective determination under § 1915. Rather, good faith must be measured by objective standards. *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). Under this objective standard, the Court finds petitioner's appeal capricious and lacking in good faith. As the Supreme Court of the United States said:

[w]e know of a few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of his litigation, either carelessly or wilfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense.

*Adkins v. E. I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 337, 69 S.Ct. 85, 88, 93 L.Ed. 43 (1948).

■ Although each case must be viewed on its own merits, the Court is empowered to and does take judicial notice of court files and records. *See* Fed.R.Ev. 201. Those files and records reveal that petitioner here is the plaintiff in no less than three other civil actions arising from the same series of transactions. In this and other cases, the Court has repeatedly admonished petitioner to undertake and complete discovery without harassment or evasion. Petitioner's wilful failure to appear for a duly-noticed deposition and his subsequent failure to appear and respond to defendant's motions compelled the Court to dismiss the action. Such conduct further compels the Court to conclude that petitioner's appeal is taken in bad faith for the purpose of harassing defendants, and not for the purpose of redressing his alleged injuries. The Court concludes petitioner has failed to demonstrate good faith in undertaking this appeal.

For all the foregoing reasons, petitioner's ex parte application must be, and is, denied.