Rosita AUFFANT, Plaintiff,

v.

PAINE, WEBBER, JACKSON &
CURTIS, INC., and Miguel A.
Ferrer, Defendants.

Civ. No. 81–0181(PG).

United States District Court,
D. Puerto Rico.

May 19, 1982.

Luis M. Román Law Offices, Hato Rey,
P. R., for plaintiff.

Carlos Bobonis González, O'Neill & Borges, Hato Rey, P. R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This matter is before us pursuant to defendants' appeal from an Order issued by the United States Magistrate Dennis A. Simonpietri on April 29, 1982, which required defendants to advance to the plaintiff the expenses which would be incurred by having her attorney attend the deposition of a non-party witness in Florida.

Plaintiff has alleged that she is currently suffering cash flow difficulties which prevent her from incurring in the necessary expenses for that deposition. The United States Magistrate, by Order dated April 21, 1982, determined that each party should bear its own costs and expenses in connection with the deposition of Mr. Manuel Rodriguez which had been noticed by the defendants. However, in a Motion for Reconsideration filed by plaintiff on April 23, 1982, the Magistrate directed plaintiff to file a more detailed affidavit reflecting her inability to incur in the expenses for said deposition. In said Order, the Magistrate made it clear that "(t)he required detailed affidavit is to establish in a more convincing manner plaintiff's present financial condition and is not to be understood as meaning that plaintiff is under the law and the applicable jurisprudence entitled to the relief she seeks."

Plaintiff then filed a Sworn Statement in support of her position, and a conference before the Magistrate was held on April 29, 1982.

Defendants argue that a showing of cash flow difficulties was insufficient to cause defendants to be ordered to advance to

plaintiff the expenses of her attorney. They maintain that since the plaintiff has substantial wealth, and has so admitted it, she should bear her own costs and expenses regardless of her monetary cash flow situation.

The Magistrate's Order of April 29, 1982, as reflected in the Memorandum of Conference and Order, in effect determined that the issue to be considered, when considering a civil litigant's entitlement to the litigation costs and expenses *pendente lite*, should be the "short term" cash flow situation of the party making the request and not that party's overall net worth, and that the fact that the plaintiff's "assets may exceed her liabilities" is inapposite to the issue. Pursuant to Rule 13.2 of the Rules of this Court, defendants appealed the Magistrate's determination and Order. We are duty-bound to, and hereby REVERSE such determination.

The decision before us was reached by the United States Magistrate pursuant to his jurisdiction, as set forth in 28 U.S.C. § 636. The Magistrate's determination herein was a self-operating order which was appealed in timely fashion pursuant to Rule 13.2 of the Rules of this Court. Cf. *U. S. A. v. Flaherty*, 668 F.2d 566 (1 Cir., 1981). Pursuant to Rule 13.2 of the Rules of this Court, and in the exercise of the Court's inherent faculties, this Court may and hereby does consider defendants' appeal of the U. S. Magistrate's Order.

Plaintiff's Sworn Statement is intended to support her position that she is currently suffering financial difficulties which prevent her from bearing the costs of prosecuting the litigation she has instituted against defendants. From the Sworn Statement it is evident that although plaintiff may be suffering momentary cash flow problems, she has a substantial income and holds various valuable assets. Furthermore, the plaintiff's own statements indicate that she is a person of certain wealth in spite of the fact that she is currently suffering cash flow difficulties.[1] Therefore, the crux of the issue, as raised by defendants' appeal, and as evidenced by the Magistrate's May 4th Memorandum of Conference and Order, is whether the "short term" cash flow difficulties of a party, regardless of that party's overall net worth, and irrespective of the amount of his assets, should cause the opposing party to advance the costs of the litigation *pendente lite*.[2]

■ Such a request by the plaintiff is comparable and analogous to a request for proceedings in *forma pauperis* pursuant to 28 U.S.C. § 1915. In rendering its determination of such a request, a court should consider the financial position of the party making the request. In either case, the granting of such a request is a privilege to be conferred at the discretion of the court. *Williams v. H. V. Field*, 394 F.2d 329 (9 Cir., 1968), cert. denied 393 U.S. 891, 89 S.Ct. 213, 21 L.Ed.2d 171. Though it has been determined that a party need not be destitute to be allowed to proceed in *forma pauperis, Adkins v. E. I. Dupont Nemours Co.*, 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948), courts have historically conferred the privilege of allowing proceedings in *forma pauperis* to parties who are poor and indigent.

■ Furthermore, in arriving at a determination of whether a party should be allowed to proceed in *forma pauperis*, courts view the *overall* financial situation of the petitioner. As is evidenced by the affidavit required by this Court, as well as most courts, a petitioner must declare not only his available cash, but also all of the assets and liabilities of the petitioner and his spouse. See, *Zaun v. Dobbin*, 628 F.2d 990 (7 Cir., 1980); *Carter v. Telectron, Inc.*, 452 F.Supp. 939 (S.D.Tex., 1976); *Evansky v. Wright*, 45 F.R.D. 506 (N.D.Miss., 1968); *In Re Smith*, 600 F.2d 714 (8 Cir., 1979). This

---

1. It has come to the Court's attention that the plaintiff has attended activities and social functions which are not commonly frequented by pauper litigants.

2. We need not discuss here whether a civil complainant is, in any event, legally entitled to pre-judgment litigation expenses against the opposing party under circumstances different from those present in this case.

is done so as to evaluate the net worth of a petitioner, for it goes without saying that such net worth is evidence of the financial situation of the party making the request.

If the Magistrate's Order were carried to its logical consequences, great inconsistencies and perhaps even injustice could occur. For example, an individual who earned $1,000 per month, but managed his finances so as to be able to save $200 per month, would be required to bear the costs of any litigation in which he was involved. However, an individual who had a net worth in excess of $1,000,000, but was undergoing momentary cash flow difficulties, (which may be caused by his own mismanagement or prodigality) would not be required to bear the costs of a litigation, even if it was a litigation he had instituted. The widespread acceptance of such a determination would hinder individuals who are careful managers of their financial situations vis-a-vis wealthy but negligent managers. It could also lead to fostering deceit by encouraging wealthy individuals to create cash flow difficulties so as to avoid the costs of litigation. Clearly, law and equity require that the overall financial position of an individual be considered rather than simply his cash flow situation. To the extent that the Magistrate's Order of April 29, 1982, sets forth a standard which is at variance with this Opinion, it is clearly erroneous and in any event contrary to law. Wherefore, in view of the foregoing, it is hereby

ORDERED that the Magistrate's Order of April 29, 1982, be and is hereby REVERSED; and it is further

ORDERED that each party is to bear its respective costs and attorney's fees for the deposition of Mr. Manuel Rodriguez in Miami, Florida. The date of the deposition is hereby left open and to be notified by defendants at the convenience of the witness within a reasonable time.

Pursuant to Rule 8–0 of the Rules of this Court, it is further

ORDERED that plaintiff is to pay defendants Five Hundred Dollars ($500.00) in attorney's fees as a result of the frivolous and unnecessary motions filed by plaintiff, which have caused defendants to bring this appeal to this Court.

IT IS SO ORDERED.