Ethel **LEVY**, Plaintiff,

v.

**FEDERATED DEPARTMENT STORES** and Howard Goldfeder, Chairman, President and Chief Executive Officer, and,

**Adrian Arpel, Inc., and Adrian Newman, It's President, and**

**Seligman & Latz, Inc., and Richard Hart, It's President, and**

**Liberty Mutual Insurance Corporation and Melvin B. Bradshaw, Chairman of the Board, and**

**Department of Professional Regulation, An Agency of the State of Florida and Joseph W. Lawrence, II, Deputy General Counsel, and Member of the Florida Bar, Defendants.**

No. 84–2507–CIV–KING.

United States District Court, S.D. Florida, Miami Division.

Dec. 3, 1984.

Ethel Levy, pro se.

Edward L. Magill, Magill, Reid & Lewis, P.A., Miami, Fla., for defendants Federated and Howard Goldfeder.

Larry L. Cook, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for defendant Liberty Mut. Ins. Co.

### ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION AS FRIVOLOUS

JAMES LAWRENCE KING, Chief Judge.

This cause arises before the Court upon its *sua sponte* review of the record.

On October 23, 1984, the above styled action was inadvertently allowed to commence in forma pauperis. Plaintiff's complaint was docketed and service of process issued without prepayment of any fees and costs, despite the fact that this Court had not ruled on plaintiff's motion to proceed in forma pauperis which was also filed on October 23rd. The record currently reflects that answers have been filed and the motion to proceed in forma pauperis is still pending before this Court.

Under 28 U.S.C. § 1915(a) a district court is allowed to authorize the commencement of a civil action without prepayment of fees or costs or the giving of security therefor, if the potential plaintiff has filed an affidavit that he is unable to pay such costs or give such security. As the Court in *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) explains, "Under subsection (a), the commencement or filing of the suit depends solely on whether the affiant is economically eligible. The only determination to be made by the Court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirements of poverty."

At the outset, this Court notes that had it been given the opportunity to rule on the motion to proceed in forma pauperis prior to the filing of plaintiff's complaint, which is the procedure contemplated under § 1915(a), it would have denied such a request as plaintiff's affidavit is facially insufficient to demonstrate economic justification for in forma pauperis status. It bears emphasizing that 28 U.S.C. § 1915 creates no absolute right to proceed in civil actions without payment of costs. Indeed, to the contrary, the statute conveys only a privilege to proceed to those

litigants unable to pay costs without undue hardship. *Startti v. United States,* 415 F.2d 1115 (5th Cir.1969). Moreover, while the privilege of proceeding in forma pauperis does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed in forma pauperis." *Evensky v. Wright,* 45 F.R.D. 506, 507–508 (N.D.Miss. 1968).

■ The affidavit and supporting statement filed by plaintiff on October 23, 1984 states that she is an unemployed senior citizen. However, the affidavit goes on to state that during the past twelve months plaintiff has received other forms of income, the sources and amounts of which she does not specify. In addition, the affidavit also reflects that plaintiff owns cash or checking or savings accounts in the amount of $12,000 and other valuable property, which she again neglects to specify, in the amount of $30,000. While there are admittedly no set formulas for making the determination that the requisite in forma pauperis status is present, this Court is nevertheless of the view that there is something incongruous in an in forma pauperis application by an individual with the obvious financial resources of the plaintiff herein. Accordingly, it is this Court's finding that plaintiff's motion to proceed in forma pauperis should have been and is hereby denied as plaintiff is well able to finance the costs of her litigation without any apparent undue hardship.

■ At this point the Court notes that, as it was precluded from making a proper and timely determination of plaintiff's economic eligibility under § 1915(a), it is still faced with a cause of action which was commenced and allowed to proceed in forma pauperis. Normally, once a suit has been properly accepted for docketing as an in forma pauperis action, the district court is allowed a measure of control over the suit under § 1915(d) which provides for dismissal of such a suit where the Court is satisfied it is frivolous or malicious. *Wat-*

*son v. Ault,* 525 F.2d at 891. As plaintiff's suit was indeed accepted for docketing as an in forma pauperis action, albeit improperly, this Court finds it appropriate to now proceed to the question presented under § 1915(d) of whether plaintiff's action is frivolous or malicious.

■ Plaintiff's complaint alleges claims based on negligence/*res ipsa loquitur* in Count I; continuing conspiracies against plaintiff's rights as a citizen under 18 U.S.C. § 51, 241, 242 and 1503 in Count II; and violations of the Civil Rights Acts in Count III. In addition, paragraph 3 of the complaint alleges that the action also arises under the Rico Act Title 18, U.S.C. § 1961(1)(A), (B), (C) although there are no further allegations or references to the Act in either Counts I, II or III. The complaint prays for injunctive relief as well as compensatory damages in the amount of two million dollars and punitive damages in the amount of ten million dollars against each of the defendants. As far as this Court is able to determine, plaintiff's claims originate from a beauty treatment which was allegedly negligently administered to her at a division of defendant FEDERATED DEPARTMENT STORES.

The words frivolous or malicious are not defined under § 1915(d) nor does the statute state how a district court is to become satisfied that an action is either frivolous or malicious such as to warrant its dismissal. However, courts have consistently interpreted § 1915(d) as a very broad grant of discretion and have dismissed actions as frivolous under § 1915 where "upon due examination of the tendered complaint, that pleading be determined to be devoid of merit, or to be inadequate to present a substantial claim worthy of consideration in litigation, or to be vulnerable to a motion to dismiss for failure to state a claim on which relief can be granted..." *Rhodes v. Houston,* 258 F.Supp 546, 579 (D.Neb. 1966). In light of this very liberal interpretation, this Court has determined that plaintiff's claims are frivolous and therefore subject to dismissal. Viewing the complaint herein in the light most favor-

able to the plaintiff, and with due regard for the fact that this plaintiff is pro se, this Court finds that Counts I, II and III of plaintiff's complaint cannot be construed as stating a claim for which relief can be granted.

For all the foregoing reasons, therefore, leave to proceed in forma pauperis with the above styled action is hereby denied, and the action is hereby dismissed as frivolous under § 1915(d).

The Court does now:

ORDER and ADJUDGE that plaintiff's motion to proceed in forma pauperis be, and it is, DENIED. The Court does further:

ORDER and ADJUDGE that the Complaint is hereby DISMISSED.