**Vicky L. BUSCH, Plaintiff,**

v.

**COUNTY OF VOLUSIA, Defendant.**

**No. 97–1222–CIV–ORL–3ABI(19).**

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 16, 1999.

Gayle S. Graziano, Law Office of Gayle S. Graziano, Daytona Beach, FL, for plaintiff.

Vicky L. Busch, Daytona Beach, FL, pro se.

Matthew Guy Minter, Volusia County Legal Dept., Deland, FL, for defendant.

## ORDER

GLAZEBROOK, United States Magistrate Judge.

This cause came on for consideration without oral argument on the following motions:

| MOTION: | PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS [Docket No. 77] |
|---|---|
| FILED: | October 27, 1999 |
| DISPOSITION: | DENIED. |

| MOTION: | PLAINTIFF'S MOTION FOR PERMISSION TO APPEAL [Docket No. 80] |
|---|---|
| FILED: | November 5, 1999 |
| DISPOSITION: | DENIED. |

| MOTION: | PLAINTIFF'S MOTION FOR NEW TRIAL [Docket No. 81] |
|---|---|
| FILED: | November 5, 1999 |
| DISPOSITION: | DENIED. |

| MOTION: | PLAINTIFF'S MOTION FOR TRANSCRIPT AT GOVERNMENT EXPENSE [Docket No. 83] |
|---|---|
| FILED: | November 18, 1999 |
| DISPOSITION: | DENIED. |

| MOTION: | PLAINTIFF'S PETITION FOR REVIEW OF MISCONDUCT [Docket No. 84] |
|---|---|
| FILED: | December 8, 1999 |
| DISPOSITION: | DENIED. |

Following a three day jury trial and jury verdict in favor of defendant County of Volusia ["Volusia County"], the Court entered a judgment on August 5, 1999 against plaintiff Vicky L. Busch. The judgment dismissed the action on the merits and awarded defendant its costs. Docket No. 64. Gayle S. Graziano ["Graziano"] has throughout this case and trial represented Busch.

On August 24, 1999, Busch filed a *pro se* notice of appeal. Docket No. 65. On September 7, 1999, Graziano moved to withdraw as Busch's counsel of record. Docket No. 66. On September 9, 1999, the Court denied the motion to withdraw without prejudice. By order dated September 28, 1999, the Court struck four motions that Busch had attempted to file *pro se* while still represented by counsel, including a motion to proceed *in forma pauperis* on appeal. Docket No. 73, *citing* Local Rule 2.03(d). At a hearing on October 27, 1999, the Court granted Graziano's amended motion to withdraw. Docket No. 76.

On the same day, Busch filed another motion to proceed *in forma pauperis* on appeal [Docket No. 77], with a financial affidavit in the form prescribed by Form 4 of the Appendix of Forms of the Federal Rules of Appellate Procedure. Docket No. 78. On November 5, 1999, Busch filed a Motion for Permission to Appeal [Docket No. 80][1] and a Motion for a New Trial. Docket No. 81. Defendant County of Volusia timely opposed the Motion for a New Trial on November 15, 1999. Docket No. 82. On November 18, 1999, Busch filed a motion for a transcript of the trial at government expense. Docket No. 83. On December 8, 1999, Busch petitioned the Court to review alleged misconduct by Graziano. Docket No. 84.

In her motions to proceed *in forma pauperis* [Docket No. 77], for permission to appeal [Docket No. 80], and for a new trial

[Docket No. 81], Busch cites the following ten grounds for redress: 1.) Graziano left two witnesses off the witness list for trial; 2.) Volusia County failed to produce Busch's 1995 Employee Assistance Program records during discovery; 3.) Graziano failed to introduce certain evidence of same-sex harassment; 4.) Graziano failed timely to deliver a settlement offer to Busch; 5.) Graziano improperly instructed Busch to coach a witness; 6.) Graziano failed to call Steven Reichert to testify; 7.) Graziano failed to offer rebuttal witnesses or expert testimony; 8.) Graziano made disparaging remarks in a conversation with defendant's counsel regarding Busch's mental health; 9.) the affidavit of Busch's expert, Dr. Timothy Shaw, was omitted from the evidence submitted to the jury; 10.) jury instructions 18, 19, 20 and 21 were inadequate in that they did not address Busch's insomnia. In her Motion for a New Trial [Docket No. 81], Busch asserts an eleventh ground for redress: that Graziano refused to allow Busch to obtain a second medical opinion. In her Petition for Review of Misconduct [Docket No. 84], Busch reiterates the foregoing alleged errors by Graziano and adds numerous additional allegations.

## I. The Law

### A. Proceedings *In Forma Pauperis*

Section 1915, 28 U.S.C., and Fed. R.App. P. 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F.Supp. 1382, 1384 (S.D.Fla.1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979).[2] Section 1915(a) provides, in relevant part:

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of

---

1. In this motion, Busch also asks the Court to: 1.) compel the production of Busch's 1995 Employee Assistance Program records; 2.) review the deposition of, and hear evidence from, Steven Reichert; and 3.) review the affidavit of Dr. Timothy Shaw.

2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

\* \* \* \* \* \*

(3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a) (1996) (emphasis supplied). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Section 1915(e), 18 U.S.C., provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

(A) the allegation of poverty is untrue; or

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (1996) (formerly § 1915(d)).

Rule 24(a) of the Rules of Appellate Procedure provides:

Leave to Proceed on Appeal *in Forma Pauperis* From District Court to Court of Appeals. A party to an action in a district court who desires to proceed on appeal *in forma pauperis* shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal. If the motion is granted, the party

may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. If the motion is denied, the district court shall state in writing the reasons for the denial.

Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court *in forma pauperis*, or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case, may proceed on appeal *in forma pauperis* without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event the district court shall state in writing the reasons for such certification or finding.

If a motion for leave to proceed on appeal *in forma pauperis* is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action. A motion for leave *so to* proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons given by the district court for its action.

Fed.R.App.P. 24(a).

■ An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See Coppedge,* 369 U.S. 438, 82 S.Ct. 917; *see also United States v. Wilson,* 707 F.Supp. 1582, 1583 (M.D.Ga.1989), *aff'd.,* 896 F.2d 558 (11th Cir.1990).

■ The Petitioner demonstrates good faith when she seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *see also Farley v. United States,* 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States,* 258 F.2d 400 (5th Cir.1958), *cert. denied* 358 U.S. 856, 79 S.Ct. 87, 3 L.Ed.2d 89 (1958), 359 U.S. 928, 79 S.Ct. 610, 3 L.Ed.2d 630 (1959), *Meadows v. Trotter,* 855 F.Supp. 217, 219 (W.D.Tenn.1994); *U.S. v. Durham,* 130 F.Supp. 445 (D.D.C.1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co.,* 113 F.Supp. 281 (D.C.N.J.1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto,* 114 F.Supp. 929 (W.D.Mo.1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

■ The good-faith test under § 1915 must not be converted into a requirement of a preliminary showing of any particular degree of merit, and the district court must grant leave to appeal *in forma pauperis* unless issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant. *Ellis v. United States,* 356 U.S. 674, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958); *see also United States v. Scharf,* 354 F.Supp. 450, 453 (E.D.Pa.1973), *aff'd,* 480 F.2d 919 (3d Cir.1973)(the Court must liberally construe § 1915, and the Court is to give every benefit of the doubt in order to decide plaintiff's petition in his favor); *Miranda v. United States,* 458 F.2d 1179 (2nd Cir.1972) (threshold level of good faith is not very great and doubts about substantiality of

issues presented should normally be resolved in applicant's favor), *cert. denied* 409 U.S. 874, 93 S.Ct. 207, 34 L.Ed.2d 126 (1972). Determination of good faith necessitates an inquiry into the appeal's merits, but such inquiry is limited to whether appeal involves legal points arguable on their merits, and is therefore not frivolous, and does not require that probable success be demonstrated. *See Jones v. Frank,* 622 F.Supp. 1119 (W.D.Tex. 1985). Application may be denied if it appears—objectively—that the appeal cannot succeed as a matter of law. *See, e.g., United States v. Fletcher,* 483 F.Supp. 879 (E.D.Tenn.1978), *aff'd.* 601 F.2d 591 (6th Cir.1979)(denial where petitioner's position is contradicted diametrically by established law), *cert. denied* 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101 (1979); *Linden v. Harper & Row Publishers,* 490 F.Supp. 297 (S.D.N.Y.1980)(denial where the action is barred by res judicata); *Dankert v. Clerk,* 86 F.R.D. 474 (N.D.Ga.1980)(denial where failure to exhaust state remedies).

■ Whether an appeal is taken in good faith is a matter within the discretion of the trial court. *See Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43 (1948). The willingness of courts to utilize proceedings *in forma pauperis* should correspond, at least to some degree, to the gravity and impact of the social policy asserted in the underlying cause of action, and the ability of that underlying cause of action to generate fees and attract the private bar. *See Coppedge,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); *Schweitzer v. Scott,* 469 F.Supp. 1017, 1019—20 (C.D.Cal.1979). Although the courts do not judge the relative worth of various laws, as a general rule, a court should be more willing to entertain an *in forma pauperis* application in a criminal proceeding, or a Title VII proceeding, than in a civil action for money damages.[3] *See Cop-*

---

**3.** Discussing the predecessor of § 1915, Senator Bacon of the Senate Judiciary Committee stated that "(w)hen a judge has heard a case and it is about to be carried to an appellate court, he ... is in a position to judge whether it is a case proceeding capriciously, or viciously, or with prejudice, or from any other improper motive, or whether the litigant is proceeding in good faith." 45 Cong. Rec. 1533 (1910), *quoted in Coppedge,*

369 U.S. at 444 n. 8, 82 S.Ct. 917. These statements, as the Supreme Court in *Coppedge* observed, were specifically directed towards civil suits. *See* 369 U.S. at 444 n. 8, 82 S.Ct. 917. Thus, although the threshold level of "good faith" is not very great in criminal or even Title VII cases, and doubts about the substantiality of the issues presented should normally be resolved in favor of the criminal defendant, *see Miranda v.*

*pedge,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21; *see also Flowers v. Turbine Support Division,* 507 F.2d 1242, 1244, n. 2 (5th Cir. 1975) (trial court has wide discretion to deny IFP status—especially in civil cases for damages—though it may be that federal courts should not be so parsimonious in Title VII suits); *Evensky v. Wright,* 45 F.R.D. 506 (N.D.Miss.1968); *Schweitzer v. Scott,* 469 F.Supp. 1017 (C.D.Cal.1979).

■ In deciding whether an *in forma pauperis* appeal is frivolous under § 1915(e), the district court determines whether there is "a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir.1991), *quoting Watson v. Ault,* 525 F.2d 886, 892 (5th Cir.1976), *cert. denied* 503 U.S. 999, 112 S.Ct. 1712, 118 L.Ed.2d 418 (1992). A district court should order a § 1915(e) dismissal only when an appeal lacks "arguable merit." *See Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir.1987).[4] "Arguable" is defined as capable of being convincingly argued. *See Moreland v. Wharton,* 899 F.2d 1168, 1170 (11th Cir.1990) (reviewing complaint for frivolousness).

### B. Transcription Fees

The record on appeal consists of the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court. Fed.R.App.P. 10(a). Rule 11(a) sets forth an appellant's duties regarding the transmission of the record on appeal to the court of appeals:

> After filing the notice of appeal the appellant, or in the event that more than one appeal is taken, each appellant, shall comply with the provisions of Rule 10(b) and shall take any other action necessary to enable the clerk to assemble and transmit the record. A single record shall be transmitted.

Fed.R.App.P. 11(a). Rule 10(b) governs the transcription of proceedings, and sets forth certain related duties of the appellant:

> (1) *Within 10 days after filing the notice of appeal* or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 4(a)(4), whichever is later, *the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary,* subject to local rules of the courts of appeals. The order shall be in writing and within the same period a copy shall be filed with the clerk of the district court. If funding is to come from the United States under the Criminal Justice Act, the order shall so state. If no such parts of the proceedings are to be ordered, within the same period the appellant shall file a certificate to that effect.

> (2) *If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.*

> (3) *Unless the entire transcript is to be included, the appellant shall, within the 10–day time provided in paragraph (b)(1) of this Rule 10, file a statement of the issues the appellant intends to present on the appeal,* and shall serve on the appellee a copy of the order or certificate and of the statement. An appellee who believes that a transcript of other parts of the proceedings is necessary shall, within 10 days after the service of the order or certificate and the statement of the appellant, file and serve on the appellant a designation of additional parts to be included. Unless within 10 days after service of the designation the appellant has ordered such parts, and has so notified the appellee, the appellee may within the following 10 days either order the parts or move in the district

---

*United States,* 458 F.2d 1179 (2d Cir.1972), the same is not true in civil suits for money damages. *See Schweitzer,* 469 F.Supp. at 1019–20.

**4.** The Court notes that portions of *Menendez,* 817 F.2d 737, purportedly overruled in *Prather v. Norman,* 901 F.2d 915 (11th Cir.1990), in view of

the Supreme Court's decision in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), were upheld as "good law" by the Eleventh Circuit in *Clark v. State of Georgia Pardons & Paroles Bd.,* 915 F.2d 636, 639 (11th Cir.1990).

court for an order requiring the appellant to do so.

(4) *At the time of ordering, a party must make satisfactory arrangements with the reporter for payment of the cost of the transcript.*

Fed.R.App.P. 10(b) (emphasis supplied). The appellant is responsible for ordering and paying the court reporter for the cost of the transcript. Administrative Office Guide to Judiciary Policies and Procedures, c. 20.12.

Rule 10–1 of the Court of Appeals for the Eleventh Circuit further directs that:

[a]ppellant's written order for a transcript required by Fed.R.App.P. 10(b) shall be on a form prescribed by the court of appeals. Counsel placing the order shall simultaneously send a copy of the order form to the clerk of this court in addition to other parties set out in Fed.R.App.P. 10(b). It must be received in the office of the clerk of the court of appeals within 14 days after filing the notice of appeal or after entry of an order disposing of the last timely motion of a type specified in Fed.R.App.P. 4(a)(4).

11th Cir. R. 10–1. The purchase order form prescribed by the court of appeals may be obtained from the district court. 11th Cir. R. 10–1 I.O.P.

Subsection (f) of Section 753, which governs transcription fees, provides as follows:

Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings

brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. *Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).* The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States.

28 U.S.C. § 753(f) (emphasis supplied).

## C. Ethics Rules

The Rules Regulating the Florida Bar (1997) ["Florida Bar Rules"] govern conflicts of interest in counsel's representation of a client. Local Rule 2.04 for the Middle District of Florida provides in relevant part:

(c) The professional conduct of all members of the bar of this Court, admitted generally under Rule 2.01 or specially under Rule 2.02, shall be governed by the Model Rules of Professional Conduct of the American Bar Association as modified and adopted by the Supreme Court of Florida to govern the professional behavior of the members of The Florida Bar.

Local Rule 2.04; *see also, In Re Disciplinary Proceedings Governed by Rule 2.04(d),* 876 F.Supp. 265 (M.D.Fla.1993) (three-judge panel). Rule 2.04 further provides for the creation of, and the reference of matters to, a Grievance Committee. Local Rule 2.04(d).

## II. Application and Analysis

Before allowing Busch to proceed *in forma pauperis,* the Court may certify whether the appeal Busch wishes to make is taken in good faith.[5] *See* 28 U.S.C. § 1915; Fed. R.App.P. 24. The Court assumes—and finds

---

5. The Court notes that if the district court certifies that the appeal is not taken in good faith and denies plaintiff's motion to proceed *in forma pauperis,* Busch may file a motion for leave to proceed *in forma pauperis* with the Court of Appeals pursuant to Fed.R.App.P. 24(a). Also, she may pay the appeal filing fee.

nothing in the record to contradict such an assumption—that Busch's appeal is not malicious, but is, instead, taken in subjective good faith. Nevertheless, in order to review Busch's application to proceed on appeal *in forma pauperis,* the Court now assesses Busch's grounds for appeal for objective good faith and, its alter ego, frivolousness. *See* 28 U.S.C. § 1915(a), (d); Fed.R.App.P. 24(a). The Court concludes that none of Busch's eleven alleged grounds present even colorable grounds for appeal, or for the other redress she seeks.

### A. *Graziano's Alleged Errors*

 Nine of the grounds for redress that Busch cites in her motions for to proceed *in forma pauperis* [Docket No. 77], for permission to appeal [Docket No. 80], and for a new trial [Docket No. 81] allege error on the part of Graziano, not the Court. Most, if not all, of them concern tactical decisions by Graziano before and during trial. Even if Graziano made errors—and the record suggests the opposite—errors by counsel are not a ground for appeal in civil cases. *Capella v. Zurich General Acc. Liability Ins. Co.,* 194 F.2d 558 (5th Cir.1952). Civil litigants cannot appeal on the ground of ineffective representation by counsel. *Mekdeci v. Merrell National Laboratories,* 711 F.2d 1510, 1523 (11th Cir.1983).

At several pre-trial hearings and during trial, the Court had the opportunity to observe Graziano. The Court notes that Graziano ably represented Busch throughout the proceedings, and seemed to make tactical decisions that were in Busch's best interest. The Court lacks sufficient information with respect to the additional allegations of unethical conduct that Busch raises in her Petition for Review of Misconduct. Docket No. 84. Busch may choose to address these allegations to the appropriate regulatory authority. The Court declines to refer or further consider them.

### B. *Alleged Evidentiary Errors.*

In addition to alleged tactical errors by Graziano, Busch alleges that the Court failed to submit an affidavit of Dr. Timothy Shaw dated January 9, 1999 [Docket No. 33] to the jury. Federal Rule of Evidence 103 provides as follows:

(a) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; or

(2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

\* \* \* \* \* \*

 (d) Nothing in this rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court.

Rule 103(d) permits reversal for plain error despite the lack of an objection if there has been a miscarriage of justice. *E.J. Wilson v. Attaway,* 757 F.2d 1227, 1242 (11th Cir.1985).

Busch does not allege that she ever offered the affidavit of Dr. Shaw into evidence. No document matching this description appears on the Joint Exhibit List dated June 7, 1999. Docket 51. Therefore, Busch has waived any objection to this omission pursuant to Rule 103(a). Busch cites no additional circumstances that might make out a claim for plain error under Rule 103(d). On the contrary, Busch (through Graziano) had the opportunity to—and did—call Dr. Shaw as a witness at trial. Docket No. 56.

### C. *Challenged Jury Instructions*

 Busch's final ground for redress is the alleged failure of jury instructions 18, 19, 20 and 21 to include discussion of her insomnia. Fed.R.Civ.P. 51 governs jury instructions and objections. Fed.R.Civ.P. 51 provides in relevant part:

No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury

retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection.

The Eleventh Circuit recognizes two exceptions to Rule 51's requirement that a party must timely object to an erroneous jury charge: "(1) where the party's position has previously been made clear to the court and it is plain that a further objection would have been unavailing," and (2) "where the error is so fundamental as to result in a miscarriage of justice if a new trial is not granted." *King v. Allstate Ins. Co.*, 906 F.2d 1537, 1542 (11th Cir.1990); *see Ames v. Provident Life and Accident Ins. Co.*, 942 F.Supp. 551, 558–59 (S.D.Fla.1994), *aff'd*, 86 F.3d 1168 (11th Cir. 1996). Absent timely objection to instructions, the standard of review on appeal is plain error. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 256, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

Plain error review under Rule 51 is suited to "correcting obvious instances of injustice or misapplied law." *See City of Newport*, 453 U.S. at 256, 101 S.Ct. 2748. While the Court has great latitude to grant a new trial to prevent a miscarriage of justice on the basis of incorrect jury instructions, *see Cruthirds v. RCI, Inc.*, 624 F.2d 632 (5th Cir.1980), "the power will only be exercised in exceptional cases." *Nowell v. Dick*, 413 F.2d 1204, 1211 (5th Cir.1969). In order to merit reversal as plain error, a party must establish that the challenged instruction was an incorrect statement of the law, and that it was probably responsible for an incorrect verdict leading to substantial injustice. *See Rodrigue v. Dixilyn Corp.*, 620 F.2d 537, 541 (5th Cir.1980), *cert. denied* 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981); *Ames*, 942 F.Supp. at 558–59.

An error is sufficiently fundamental to warrant a new trial despite a failure to object where an erroneous charge will mislead the jury or leave the jury to speculate as to an essential point of law. *See Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074, 1083 (11th Cir.1987); *see, e.g., Hunt v. Liberty Lobby*, 720 F.2d 631, 647 (11th Cir.1983)(new trial granted because jury instructions created uncertainty as to whether the jury had followed constitutionally-mandated criteria in determining its verdict); *Industrial Dev. Bd. of Town of Section, Ala. v. Fuqua Indus.*, 523 F.2d 1226, 1239 (5th Cir.1975) (new trial where an instruction on third-party beneficiary status may well have deprived the appellant of its right to have the real issue, contract and damage, decided).

Moreover, the trial court is not bound to adopt the exact language which counsel chooses for jury instructions, but has considerable latitude in the choice of language used to convey the applicable law in a clear and correct fashion to the jury. *See Nowell v. Dick*, 413 F.2d 1204, 1211 (5th Cir.1969). The instruction is sufficient if it covers the subject matter of the requested instruction. *Nowell*, 413 F.2d at 1211.

Busch nowhere alleges that she timely objected to the failure of Jury Instructions 18, 19, 20 and 21 to address her alleged insomnia. Indeed, Busch had no legal ground to do so. On the contrary these instructions were given exactly as Busch had originally requested. *See* Docket No. 46. Busch fails to allege any legal inaccuracy in these jury instructions, much less one amounting to plain error.

### D. *Motion for a New Trial*

Federal Rule of Civil Procedure 59(b) states that "[a]ny motion for a new trial shall be filed no later than 10 days after entry of the judgment." The Court entered a judgment against Busch on August 5, 1999. Docket No. 64. Busch filed her Motion for New Trial [Docket No. 81] on November 5, 1999.[6] Busch's motion is clearly untimely. When a party files a motion after the expiration of a deadline, the court may grant the motion only upon a showing of "excusable neglect." Fed.R.Civ.P. 6(b)(2). The standard for "excusable neglect" under Rule 6 is well established. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507

6. Busch had previously filed a motion for new trial on September 16, 1999. Docket No. 68. By order dated September 28, 1999, the Court struck this motion because Busch was still represented by Graziano at the time. However, even this prior motion came almost a month after the expiration of the ten day period (August 19, 1999).

U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Advanced Estimating System, Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir.1996). The Court must evaluate all relevant circumstances surrounding the party's omission, including: 1.) the danger of prejudice to the nonmovant; 2.) the length of the delay and its potential impact on judicial proceedings; 3.) the reason for the delay, including whether it was within the reasonable control of the movant; and 4.) whether the movant acted in good faith. 507 U.S. at 395, 113 S.Ct. 1489, 77 F.3d at 1325. Even allowing for Busch proceeding *pro se*, Busch has shown no circumstances justifying the untimeliness of her Motion for a New Trial.

### III. Conclusion

■ Having reviewed the plaintiff's motion to proceed *in forma pauperis* [Docket Nos. 77] and supporting affidavit [Docket No. 78], the Court finds that the plaintiff is not entitled to proceed on her appeal *in forma pauperis*. Accordingly,

The Court **CERTIFIES** that Busch's appeal is not taken in good faith, and **DENIES** Busch's motion to proceed *in forma pauperis* on appeal. Busch may pay the appeal filing fee within ten days of the date of this order. It is

FURTHER ORDERED that Busch's Motion for Permission to Appeal [Docket No. 80] is **otherwise DENIED**.

FURTHER ORDERED that Busch's Motion for a New Trial [Docket No. 81] is **DENIED**.

FURTHER ORDERED that Busch's Motion for a Transcript at Government Expense [Docket No. 83] is **DENIED**.

FURTHER ORDERED that Busch's Petition for Review of Misconduct [Docket No. 84] is **DENIED**.